UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



ANTHONY WRIGHT,
        Plaintiff,

v.                                                                            Civil No. 4:13cv42

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security Administration,
        Defendant.

## FINAL ORDER

      Plaintiff Anthony Wright brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Social Security Commissioner ("Commissioner") denying his claim for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B), Rule 72(b) of the Federal Rules of Civil Procedure, Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, and by order of reference dated June 4, 2013, this matter was referred to United States Magistrate Judge Douglas E. Miller for a Report and Recommendation ("R&R").

      In the R&R filed March 18, 2014, Magistrate Judge Miller found the decision by the Administrative Law Judge ("ALJ") denying Mr. Wright's claim unsupported by substantial evidence, and that the ALJ would have reached a different conclusion under the new standard set forth in *Bird v. Commissioner of Social Security*, 699 F.3d 337, 343 (4th Cir. 2012). March 18, 2014 R&R 14, ECF No. 16. Accordingly, Magistrate Judge Miller recommended denying the Commissioner's Motion for Summary Judgment, granting Mr. Wright's Motion for Summary Judgment, vacating the decision of the Commissioner, and remanding this case for further consideration in light of *Bird*. *Id*. at 17.

By copy of the R&R, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received the Commissioner's objection to the Magistrate Judge's R&R, and has considered the objection carefully.

The Commissioner contends that the R&R is ambiguous. Commissioner's Objection 3, ECF No. 18. The R&R acknowledges that the record establishes that Plaintiff had full-time employment with the Veteran's Administration ("VA") from October 1, 2005 to March 1, 2010. *Id.* The Commissioner contends that a finding that Plaintiff was not disabled during that time period results from a proper application of the ALJ's analytical framework. *Id.*

Despite this acknowledgement, the R&R recommends that the prior decision should be vacated and remanded for further consideration as to the entire period of claimed disability. *Id.* at 2. The Commissioner contends that the ALJ's decision was supported by substantial evidence and should be upheld for the period from October 1, 2005 to March 1, 2010. *Id.* at 3.

Plaintiff agrees with the Commissioner that the proper scope of the remand is for the time period since March 1, 2010. Pl.'s Response to Objection 1, ECF No. 20. Amending the scope of remand in this manner compels an affirmation of the ALJ's decision as to the time period from October 1, 2005 to March 1, 2010.

After reviewing the record *de novo*, this Court agrees with the R&R that "the record clearly establishes that Wright worked full time for the VA for five years [from October 1, 2005 to March 1, 2010] of his period of alleged disability." March 18, 2014 R&R 3, ECF No. 16. Accordingly, based on the application of 20 C.F.R. § 404.1520, the ALJ's analysis regarding the time from of October 1, 2005 to March 1, 2010 is supported by substantial evidence. Therefore, this Court adopts the R&R in part, and sustains the objection raised by the Commissioner and agreed to by the Plaintiff.

After reviewing the R&R and scrutinizing the record *de novo*, this Court **ADOPTS** and

2

**APPROVES** the findings and recommendations set forth therein as to the time period beginning March 1, 2010, but **DOES NOT ADOPT** the recommendations therein as to the time period from October 1, 2005 to March 1, 2010. ECF No. 16. Accordingly, it is hereby **ORDERED** that Mr. Wright's Motion for Summary Judgment (ECF No. 9) is **DENIED IN PART** as to the time period from October 1, 2005 to March 1, 2010, and **GRANTED IN PART** as to the time period beginning March 1, 2010. The Commissioner's Motion for Summary Judgment (ECF No. 13) is **GRANTED IN PART** as to the time period from October 1, 2005 to March 1, 2010, and **DENIED IN PART** as to the time period beginning March 1, 2010. The decision of the Commissioner is **AFFIRMED** as to the time period from October 1, 2005 to March 1, 2010 and **VACATED** as to the time period beginning March 1, 2010. This case is **REMANDED FOR FURTHER CONSIDERATION** with regard to Mr. Wright's disability rating from the Veteran's Administration and its impact on his determination of disability for the time period beginning March 1, 2010.

The Clerk is **REQUESTED** to forward a copy of this Order to all parties.

**IT IS SO ORDERED.**

/s/
_____
Arenda L. Wright Allen
United States District Judge

June 30, 2014
Norfolk, Virginia